FILED

Jan 26  3 02 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CHELE' JENKINS** | : | CIV. NO. 3:02CV1390(MRK) |
| **Plaintiff** | : | |
| vs. | : | |
| **CITY OF BRIDGEPORT BOARD OF EDUCATION, CITY OF BRIDGEPORT AND MARIA ARROYO** | : | |
| **Defendants** | : | **JANUARY 22, 2004** |

### DEFENDANTS' MEMORANDUM TO PRECLUDE EXPERT TESTIMONY

### INTRODUCTION

This action was filed by Chele' Jenkins by way of a complaint dated August 9, 2002, which was amended on September 13, 2002. The Report of Parties Planning Meeting dated October 18, 2002, was filed. Thereafter, the Court entered an amended Scheduling Order dated October 29, 2003.

The Status/Settlement Conference was held before Magistrate Judge William Garfinkel on January 16, 2004, who retained jurisdiction for the purpose of attaining settlement.

On January 20, 2004, the defendants filed a Motion for Revision of Scheduling Order and for an Extension of Time to file dispositive motions.

To date, the plaintiff has not filed a report disclosing her medical experts including a complete statement of their opinions as set forth in Federal Rule 26(a)(2)(B).

## ARGUMENT

### The Federal Rules Require The Timely and Complete Disclosure Of An Expert

Rule 16 of the Federal Rules permits the court to set management deadlines in a civil action. Federal Rule 16(b) permits the court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified. Additionally, Federal Rule of Civil Procedure 37(c)(1) permits the court to exclude undisclosed information of an expert at trial unless such failure is "harmless" or there was "substantial justification" for the failure to disclose.

A party "that without substantial justification fails to disclose information required by Rule 26(a) shall not unless such failure is harmless, be permitted to use as evidence at a trial any information not so disclosed". Federal Rule of Civil Procedure 37(c)(1). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are within the discretion of the trial judge. In the instant

action, the Defendants argue that at this late stage, Plaintiff should not be permitted to disclose a totally new expert.

**Federal Rule 26(a)(2) Requires Complete Disclosure Of Experts**

Federal Rule of Civil Procedure 26(a)(2) requires any party intending to call an expert witness to testify at trial to disclose to the other parties the identity of that expert, the expert's report concerning his or her opinions, and reasons therefore, and other matters related to the qualifications and background of the expert. Rule 26(a)(2)(C) states that "these disclosures shall be made at the time and in the sequence directed by the court..."

The purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts. 6 James W. Moore Moore's Federal Practice, 26.23[2] 3d id 1997). "If the party without substantial justification fails to disclose information required by Rule 26(a)" . . . unless such is harmless . . . "he will not be permitted to use the expert at trial." Federal Rule of Civil Procedure 37(c)(1). In Derby v. Godfathers Pizza Inc., 45 F.3d 1212, 1214-1215 (8th Cir. 1995) the court would not allow the expert testimony disclosed ten days before trial without adequate explanation. In Won Joo Hyun, ppa Sook Hi Kim & Sook Hi Kim v. South Kent

3

*School*, 1997 U.S. Dist. Lexis 14622 (Nevas, J. Sept. 17, 1997) (Attached Exhibit "A") the court precluded an expert untimely disclosed like in the instant action.

In *Forman v. Pillsbury*, 131 F.R.D. 652, (D.D.C. 1990), the court in not permitting testimony of experts disclosed in an untimely manner stated that; "The defendants have no lesser rights than the plaintiffs."

THE DEFENDANTS

BY: _____
**John H. Barton**
Associate City Attorney
**OFFICE OF THE CITY ATTORNEY**
999 Broad Street – 2nd Floor
Bridgeport, CT  06604
Telephone:  203-576-7647
Fed. Bar No. 05884

4

## **CERTIFICATION**

    This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 22nd day of January, 2004, to:

**Ikechukwu Umeugo**
**Umeugo and Associates**
**620 Boston Post Road**
**P. O. Box 26373**
**West Haven, CT  06516**

                                            **John H. Barton**
                                            Commissioner of the Superior Court

C:JHB.Jenkins.Memo In Support

6